# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| Daniel Fryza and Katherine Revelas, | )  NO. 14-44618 |
| | ) |
| Debtor | ) |
| | )  Chapter 13 |
| | ) |
| | )  Honorable Judge Donald R. Cassling |

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on July 10, 2014, at 010:00 AM, the undersigned will appear before the Honorable Donald R. Cassling at the Geneva Courthouse, 100 S 3rd Street, Courtroom 240, Geneva, IL 60134 and will then and there present the attached **DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 506(a) & (d) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF 1236 TEASEL LANE, NAPERVILLE, ILLINOIS 60564**, at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to be served, via U.S. mail to all parties listed on the Attached Service List, and attached Motion upon the above parties on June 30, 2015 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

By:  /S/ PAUL M. BACH
SULAIMAN LAW GROUP, LTD.
COUNSEL FOR DEBTOR
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, IL 60523
PHONE: (630) 575-8181
FAX:    (630) 575-8188
ATTORNEY NO: 6209530

SERVICE LIST

**Daniel Fryza**
**Katherine Revelas**
1236 Teasel Lane
Naperville, IL 60564

**Glenn B Stearns**
801 Warrenville Road
Suite 650
Lisle, IL 60532

**PNC Bank, National Association, successor by merger to MidAmerica Bank**
c/o Shannon Cummings
J Peterman Legal Group, Ltd.
165 Bishops Way, Suite 100
Brookfield, WI 53005

**PNC Bank, National Association**
c/o Andrew J Nelson
Pierce & Associates
1 North Dearborn St. Suite 1300
Chicago, IL 60602

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| Daniel Fryza and Katherine Revelas, ) | NO. 14-44618 |
| ) | |
| Debtor ) | |
| ) | Chapter 13 |
| ) | |
| ) | Honorable Judge Donald R. Cassling |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 506(a) & (d) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF 1236 TEASEL LANE, NAPERVILLE, ILLINOIS 60564**

**NOW COMES** Daniel Fryza and Katherine Revelas ("Debtors"), by and through their attorneys, Sulaiman Law Group, LTD., and pursuant to 11 U.S.C §506(a) & (d) and Federal Bankruptcy Rule 3012, moves this Honorable Court to determine the fair market value of the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois 60564 and in support thereof stating the following:

1. This is a motion brought by the Debtors pursuant to 11 U.S.C. § 506(a) & (d) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois 60564.

2. This a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to

Section 1334 of Title 28 of the United States Code, and Section 157(b)(2) of Title 28 of the United States Code.

4. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on December 16, 2014.

5. The Debtors have also previously filed a Chapter 7 bankruptcy under case number 09-49456 ("prior case") which was discharged April 13, 2010. The Debtors were the owner of the subject property at the time of their prior case and did not reaffirm on the security obligation attached to it.

6. The Debtors are the owner of the subject real estate which is the Debtors' primary residence.

7. At the time of the filing of the instant Chapter 13 proceeding, the fair market of the subject real estate was $260,000.00. *See* attached Exhibit A is a true and correct copy of a appraisal conducted by a certified real estate professional.

8. There are two mortgage liens relating to the real estate which both held by PNC Bank, N.A. The first lien of PNC in the subject property as of the time filing was $192,184.16. See Proof of Claim 3 filed by PNC Bank, N.A. in the Debtors' case. The second lien of PNC in the subject property as of the time filing was $107,792.00. See Proof of Claim 2 filed by PNC Bank, N.A. in the Debtors' case.

9. Pursuant to 11 U.S.C. §§ 506(a) & (d), a creditor would only have secured claim to the extent of the value of the bankruptcy estate's interest in the property securing the claim. As a result, a creditor's lien is void to the extent it is not an allowed secured claim.

10. "The valuation of an under-secured mortgage claim is commonly referred to as a 'strip down' or 'cram down'. Where the valuation of property indicates that a claim is partially secured, the secured portion of the claim is paid through the debtors' plan as an allowed secured claim, and the unsecured portion is 'stripped down' to an allowed unsecured claim. The unsecured claim generally is paid on a pro rata basis along with all other general unsecured claims." *In re Pierre*, 468 B.R. 419, 422 (Bankr.M.D.Fla 2012).

11. Pursuant to 11 U.S.C. §506(a) & (d) and Federal Rule of Bankruptcy Procedure 3012, based on the fair market value of the subject property being $260,00,000.00 and the first lien of PNC Bank, N.A. in the amount of $192,184.16, the second lien claim of PNC Bank, N.A. should be bifurcated to a secured claim of $67,815.84 and an unsecured claim for the remaining balance.

12. In most instances, the unsecured portion of the PNC's second lien claim should be classified as a general non-priority unsecured claim in the underlying Chapter 13.

13. However, by virtue of the Debtors' Chapter 7 discharge, PNC's second lien claim does not have a unsecured claim against the Debtors.

14. "In fact, the pro-lien stripping courts recognize that upon confirmation of a plan in a chapter 20 case, the holder of a wholly unsecured junior mortgage lien holds neither a secured claim—by virtue of the § 506 valuation—nor an unsecured claim enforceable against the debtor—by virtue of the prior discharge. Confirmation of the plan in such cases, instead, implements the debtor's right under § 1322(b)(2) to modify— *not the claim*—but the "rights" that the holder of the previously discharged claim has under applicable nonbankruptcy law." *In re Scantling*, 465 B.R. 671, 680 (Bankr.M.D.Fla 2012).

15. Therefore, PNC's only claim against the Debtors is to the extent that it is secured by the subject property. PNC does not have a unsecured claim against the Debtors that should be paid by the Chapter 13 Trustee.

16. PNC's second lien should release their lien upon the Debtors' *completion of plan payments*

**WHEREFORE**, the Debtors, Daniel Fryza and Katherine Revelas, pray this Honorable Court enter an Order as follows:

1. Determining that the fair market Value of the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois 60564 is $260,000.00;

2. Determining PNC's second lien claim of $107,792.30 against the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois is only secured up to $67,815.84;

3. Determining that PNC's second lien claim does not have a unsecured claim against the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois by virtue of the Debtor's prior Chapter 7 discharge;

4. Determining that the Chapter 13 Trustee shall make no payments to PNC's second lien claim above and beyond their secured claim of $67,815.84.

5. Determining that Bank of America, N.A. lien shall be released against the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois upon the Debtors' completion of plan payments;

6. For any other and further relief as the Court may seem just and proper.

s

Dated: June 30, 2015    Respectfully Submitted,

/s/ Paul M. Bach
Paul M. Bach, Esq. #6209530
Counsel for Debtors
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax (630) 575-8188