Document      Page 1 of 7

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| | ) | |
| DANIEL FRYZA | ) | NO. 14 B 44618 |
| KATHERINE REVELAS | ) | |
| | ) | Judge Donald R. Cassling |
| Debtors. | ) | Hearing Date: 7/10/15 – Room 240 |
| | ) | Hearing Time: 9:30 A.M. |

To: Daniel Fryza
1236 Teasel Lane, Naperville, IL 60565

Katherine Revelas
1236 Teasel Lane, Naperville, IL 60565

Paul M. Bach, Esq., Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150, Oak Brook, IL 60523

Glenn B. Stearns, Trustee
801 Warrenville Road, Suite 650, Lisle, IL 60532

NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that on JULY 10, 2015 at 9:30 A.M., or as soon thereafter as counsel may be heard, I will appear before the Honorable Judge Donald R. Cassling or any judge sitting in his stead in the courtroom usually occupied by him at the Kane County Courthouse, 100 South Third Street, Room 240, Geneva, Illinois 60134, and then and there present the Motion to Annul the Automatic Stay or in the Alternative, to Modify the Automatic Stay, a copy of which is hereby served upon you.

CERTIFICATE OF SERVICE

I, Matteo A. Crawford, an attorney, on oath state that on July 2, 2015, I caused a true and correct copy of this notice and attached pleading to be served upon the above-named persons by mailing a copy thereof by first class mail by depositing the same in the U.S. mail at Orland Park, Illinois at 4:00 p.m., with proper postage prepaid.

/s/ Matteo A. Crawford

DAVID T. COHEN & ASSOCIATES, LTD.
MATTEO A. CRAWFORD
ATTORNEY NO. 6277305
10729 W. 159TH STREET
ORLAND PARK, ILLINOIS 60467
(708) 460-7711

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| | ) | |
| DANIEL FRYZA | ) | NO. 14 B 44618 |
| KATHERINE REVELAS | ) | |
| | ) | |
| Debtors. | ) | Judge Donald R. Cassling |
| | ) | Hearing Date:  7/10/15 – Room 240 |
| | ) | Hearing Time:  9:30 A.M. |

MOTION TO ANNUL THE AUTOMATIC STAY OR IN THE ALTERNATIVE,
TO MODIFY THE AUTOMATIC STAY

TCF National Bank (the "Movant") moves this court for the entry of an order, pursuant to Section 362(d) of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, modifying the automatic stay.  In support of its motion, the Movant states:

1. On December 16, 2014, Daniel Fryza and Katherine Revelas, the Debtors, filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 157(b)(2)(G).

3. The Movant is the owner and holder of a note (the "Note") dated August 23, 2004, in the original principal amount of Ninety Five Thousand and 00/100ths ($95,000.00) Dollars.  A copy of the Note is attached hereto as Exhibit "A".

4. The Note is secured by a mortgage (the "Mortgage"), against the property commonly described as 3336 Elm Avenue, Brookfield, Illinois 60513.  A copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was duly recorded in the Office of the Recorder of Deeds of Cook County as document number 0423834028.

6. Both the Note and the Mortgage were executed by Mary M. Gotski in her capacity as Trustee of the Gerald Gotski Irrevocable Trust.

7. Title to the property is vested in the Heirs at Law and/or Devisees of Mary M. Gotski, Deceased.

8. The Debtors did not execute either the Note or the Mortgage and are not personally liable for the debt.

9. On information and belief, the Debtors may have a potential interest in the property by virtue of being possible heirs of the deceased borrower, Mary M. Gotski.

10. On January 14, 2015, subsequent to the Debtors' filing of the Chapter 13 case, and without knowledge of Debtors' pending petition, Movant filed a Complaint to Foreclose Mortgage in the Circuit Court of Cook County, which case is known as Case Number 15 CH 00576 (hereinafter "Foreclosure Case"). The Debtors were not named as party defendants in the initial Complaint to Foreclose Mortgage.

in which case Debtor Kathleen Revelas a/k/a Katherine Revelas-Fryza a/k/a Katherine Zufffante a/k/a Katherine Fryza a/k/a Katherine Lauschke a/k/a Kathy Fryza was named as a defendant by virtue of being a possible heir of the deceased mortgagor/owner/borrower, Mary Gotski.

11. On February 19, 2015, again without knowledge of the bankruptcy filing, an Order appointing a Personal Representative and amending the Complaint to Foreclose Mortgage was entered in the Foreclosure Case.

12. The Amended Complaint to Foreclose Mortgage joined the Personal Representative and the Debtors as party defendants in accordance with established Illinois case law requiring all potential heirs to be joined in the foreclosure action in order to vest the court with jurisdiction over the deceased borrower and owner of record.

13. Debtor, Katherine Revelas, was served with a summons in the foreclosure case on January 16, 2015 at 1236 Teasel Lane, Naperville, Illinois 60564 which is the same mailing address that the Debtor provided on the Chapter 13 Petition.

14. On May 11, 2015, during a routine bankruptcy query performed prior to Plaintiff seeking the entry of a Judgment of Foreclosure, counsel for Plaintiff learned of the current Chapter 13 case by searching the national data base by name only and connecting the address where service was effectuated to the Debtor Katherine Revelas.

15. While Schedule A – Real Property, discloses an apparent 50% ownership interest in the property, the Debtor, Katherine Revelas is not an owner of record and has taken no legal action to probate the estate of Mary Gotski.

16. Neither Debtor has an ownership interest that is of record. The Debtors have no contractual right to assume the debt of Mary Gotski, tender monthly installment payments due under the Note and/or cure the pre-petition default amount due and owing under the Note.

17. Because the Debtors have no contractual relationship to Movant and are not owners of record, the discovery of the instant Chapter 13 only occurred as a result of Movant's Counsel searching the national pacer database by name only since Movant is not and never has been privy to a tax identification and/or social security number.

18. "The automatic stay comes into effect on the filing of a petition and prohibits certain actions, regardless of whether the parties taking them are aware that the filing has been made." In re Campbell, 356 B.R. 722, 724 (W.D. Mo. 2006) (citing In re Vierkant, 240 B.R. 317, 325 (B.A.P. 8th Cir. 1999). However, "[e]ven those courts holding that actions taken in violation of the automatic stay are void recognize that that rule is subject to certain equitable exceptions…." Id (citing In re Major, 218 B.R. 501, 503 (W.D.Mo. 1998); In re Adams, 215 B.R. 194, 195-96 (W.D.Mo. 1997)).

19. "Specifically, § 362(d) authorizes the court, in appropriate limited circumstances, to annul the automatic stay, the effect of which is to grant retroactive relief and validate an action taken which might otherwise be of no effect." In re Campbell, 356 B.R. at 724.

20. The Debtors' failure to provide Movant with notice, together with the other facts alleged herein, serve as the basis upon which Movant seeks annulment of the automatic stay and to retroactively validate the filing of the mortgage foreclosure case and any action taken therein, along with any and all future action required to complete the foreclosure of the Property filed by Movant.

21. The United States Bankruptcy Court for the Northern District of Illinois has held a court may grant relief from the stay by annulling such stay for cause, and has used a variety of factors in order to determine whether "cause" exists in order to retroactively annul an automatic stay. In re Wapotish, No. 07 B 71218 at *3 (N.D. Ill. July 1, 2009).

22. The factors considered in determining whether "cause" exists includes: "whether creditor had actual or constructive knowledge of bankruptcy filing and, therefore, of automatic stay; whether the debtor acted in bad faith; whether there is equity in the property of the estate; whether the property is necessary for an effective reorganization; whether grounds for relief from stay existed, such that a motion for stay relief, if filed, would likely have been granted prior to the automatic stay violation; whether failure to grant retroactive relief will cause unnecessary expense to creditor; whether the creditor has detrimentally changed its position on the basis of the action

taken; … whether the creditor promptly seeks retroactive lifting of stay and approval of action taken; whether issues in the case involve only state law, so that the expertise of the bankruptcy court is unnecessary; whether modifying stay will promote judicial economy and whether there will be greater interference with bankruptcy case if stay is not lifted because matters will have to be litigated in bankruptcy court; … the debtors' compliance with the Bankruptcy Code; how quickly the creditor moved for an annulment; …" Id. at *3-4.

23. "While knowledge of the automatic stay is one factor to consider in determining whether or not to grant an annulment of automatic stay, the factors are merely a framework for analysis and not a scorecard.'" In re Williams, 323 B.R. 691, 700 (B.A.P. 9th Cir. 2005).

24. The first factor to be considered is the Movant's lack of constructive or actual knowledge of the bankruptcy filing and automatic stay. In order to be effective, the notice to the creditor must include the account number used by the creditor and to an address stated in two communications from the creditor to the debtor. 11 U.S.C. §342(c). Further, the notice must include the name, address and last 4 digits of the taxpayer identification number of the debtor. Id. Since debtors are not borrowers, Movant's loan was not referred to in their petition.

25. In addition to the failure to provide notice to Movant, the other factors considered when determining whether "cause" exists to annul the automatic stay also weigh in favor of granting the Movant retroactive relief by annulling the stay in this matter and validating the actions taken by the Movant in violation of the automatic stay.

26. Third, there exists no equity in the property and the property is not necessary for an effective reorganization. The balance due and owing on the loan exceeds the fair market value of the property, which is estimated to be $230,000.00.

27. As of the petition date, the total balance due and owing on the Note was $97,931.47. To date, attorneys' fees in the amount of $405.00 and costs in the amount of $176.00 have been incurred.

28. Fifth, failure to grant retroactive relief will cause unnecessary expense to Movant because in addition to having incurred expenses in connection with the filing of the mortgage foreclosure complaint and the appointment of the Personal Representative, the Movant would have to incur further expenses to have the case dismissed, re-file the foreclosure case and conduct another Personal Representative Report if not validated by annulling the stay. See In re Campbell, 356 B.R. 722 (W.D. Mo. 2006).

29. Sixth, Movant has detrimentally changed its position on the basis of the action taken because it has participated in filing the mortgage foreclosure complaint resulting in needless costs incurred to Movant, all of which could have been avoided had the notice been proper under 11 U.S.C. §342(c).

30. Seventh, after learning that the filing of the complaint to foreclose mortgage occurred while the automatic stay was in effect, Movant promptly brought this motion before the court, moving for annulment of the automatic stay or in the alternative, seeking relief from the automatic stay, if in effect due to the presumption of bad faith not being rebutted.

31. Eighth, annulling the stay will promote judicial economy because there has already been a substantial ruling by the Chancery Division of the Circuit Court of Cook County, Illinois, and in such situations, "principles of judicial economy and comity weigh heavily in favor of annulling the automatic stay under section 362(d)…." Shaw v. Ehrlich, 294 B.R. 260 (W.D. Va. 2003) (see also In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992) [holding that "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."]).

32. Ninth, the issues in the case pending in the Chancery Division of the Circuit Court of Cook County, Illinois, Case No. 15 CH 00576, involve only state law, and therefore, the expertise of the bankruptcy court is unnecessary.

33. Accordingly, cause exists for this Court to grant the Movant retroactive relief by annulling the automatic stay and validating the actions taken by the Movant in violation of the automatic stay, and/or in the alternative to allow Movant relief from the automatic stay, if in effect, in order to complete its foreclosure.

34. Consequently, no cause exists to delay the enforcement and implementation of relief and Bankruptcy Rule 4001(a)(3) should be waived.

35. In addition, in order to sell the property, a real estate commission would have to be incurred in the approximate amount of Five (5%) of the sale's price.

36. If it is not permitted to continue to foreclose its security interest in the Property, the Movant will suffer irreparable injury, loss and damage.

WHEREFORE, the Movant requests that this Court enter an order lifting the automatic stay to allow the Movant to proceed against the Debtors and continue to foreclose against the Property, and for such other and further relief as is just in the circumstances.

Respectfully Submitted,

TCF NATIONAL BANK

BY:  /s/ Matteo A. Crawford

DAVID T. COHEN & ASSOCIATES, LTD.
MATTEO A. CRAWFORD
ATTORNEY NO. 6277305
10729 W. 159TH STREET
ORLAND PARK, IL 60467
(708) 460-7711