**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DANIEL FRYZA and | ) | NO. 14 B 44618 |
| KATHERINE REVELAS | ) | |
| | ) | CHAPTER 13 |
| Debtor | ) | |
| | ) | |
| | ) | HON. DONALD R. CASSLING |
| | ) | |

**DEBTORS' REPLY TO PNC BANK N.A.'S OBJECTION TO THE DEBTORS' MOTION
PURSUANT TO 11 USC 506(A) & (D) AND BANKRUPTCY RULE 3012 TO
DETERMINE THE VALUE OF 1236 TEASEL LANE, NAPERVILLE, ILLINOIS**

NOW COME Daniel Fryza and Katherine Revelas ("Debtors"), by and through their

attorneys, Sulaiman Law Group, Ltd, and in Reply to PNC Bank, N.A.'s ("PNC") Objection to

the Debtors' Motion pursuant to 11 USC 506 (a) & (d) and Bankruptcy Rule 3012 to Determine

the Value of 1236 Teasel Lane, Naperville, Illinois (the "Objection") and in support thereof

stating as follows:

**INTRODUCTION**

PNC's Objection relates to the Debtors' Motion Pursuant to 11 USC 506(a) and (d) and

Bankruptcy Rule 3012 to Determine the Value of 1236 Teasel Lane, Naperville, Illinois ("the

Motion"). The Motion asked the Court to make a valuation determination that is needed

regarding the Debtors' Chapter 13 Plan.   On January 8, 2015, the Debtors, filed their original

Chapter 13 Plan (Docket 18) which provided in Section G (2):

> Pursuant to 1322(c)(2) Debtors will pay off the secured second mortgage of PNC Bank at
> the full fair market value of $48,976.19 including interest of 2.0%, that the second
> mortgage of PNC Bank shall be bifurcated into secured and unsecured status and that the
> remaining unsecured portion of the first mortgage shall be classified and paid as a general
> unsecured creditor. Upon entry of discharge in this Chapter 13 case, PNC Bank its

successors and assigns shall release its security interest and/or Mortgage in the property commonly known as 1236 Teasel, Naperville, IL.

On January 27, 2015, PNC filed an Objection to Confirmation of the Debtors' Chapter 13 Plan (Docket 29). *See* a true and correct copy of the Objection to Confirmation filed by PNC with Exhibits attached as Exhibit A.    Although the original Chapter 13 Plan referred to 11 USC 1322(c)(2) the Objection to Confirmation did not discuss 1322(c)(2) at all.    Paragraph 10 of the Objection to Confirmation states, "PNC Bank objects to the Plan as it seeks to modify the rights of PNC Bank as a creditor whose claim is secured only by a security interest in real property that is the Debtors' primary residence in direct contravention of 11 USC 1322." PNC also stated in paragraph 13 that PNC was entitled to monthly contractual payments even though attached to the Objection to Confirmation was a note which matured on August 1, 2014.

On February 3, 2015, the Debtors filed "Debtors' Response to PNC Bank, National Association's Objection to Confirmation of the Debtor's Chapter 13 Plan" ("Response to Objection to Confirmation") (Docket 30). *See* a true and correct copy of the Response to Objection to Confirmation with Exhibits attached as Exhibit B. The Debtors hereby incorporate the arguments, statements and case law contained in the Response to the Objection to Confirmation as if stated verbatim into this Reply. In the Response to the Objection to Confirmation the Debtors explained why 11 USC 1322(c)(2) allowed a Chapter 13 Plan to bifurcate PNC's second mortgage into a secured and unsecured portion and why PNC was not entitled to a monthly contractual payment. PNC did not file a Reply to the Response to its Objection to Confirmation.

On March 18, 2015, the Debtors, filed their modified Chapter 13 Plan (Docket 46) which provided in Section G (1):

Pursuant to 1322(c)(2) Debtors will pay off the secured second mortgage of PNC Bank at
the full fair market value of $67,815.84 including interest of 2.0%, that the second
mortgage of PNC Bank shall be bifurcated into secured and unsecured status and that the
remaining unsecured portion of the first mortgage shall be classified and paid as a general
unsecured creditor. Upon entry of discharge in this Chapter 13 case, PNC Bank its
successors and assigns shall release its security interest and/or Mortgage in the property
commonly known as 1236 Teasel, Naperville, IL.

On June 30, 2015, the Debtors filed the Motion (Docket 57) and on July 7, 2015, PNC

filed the Objection to the Motion (Docket 63 & 64).  The Objection to Confirmation and the

Objection to the Motion are virtually identical except PNC has now obtained a full appraisal for

$325,000.00.  Nowhere in either document does PNC explain why 11 USC 1322(c)(2) does not

apply in this situation.  PNC has had two opportunities to respond and discuss 11 USC

1322(c)(2) and has chosen both times to not mention 11 USC 1322(c)(2) at all.  11 USC

1322(c)(2) plainly applies.  No citation of authority is made by PNC in either document leaving

the Debtor and the Court to wonder.

### 1236 TEASEL LANE, NAPERVILLE, ILLINOIS

The property at issue in this Motion is 1236 Teasel Lane, Naperville, Illinois 60523 (the

"real estate").  According to the Motion and the modified Chapter 13 Plan, the real estate has a

fair market value of $260,000.00.  PNC in the Objection to the Motion states that the real estate

has a fair market value of $325,000.00.  PNC also holds the first mortgage on the property and

filed Proof of Claim 3 in the amount of $192,184.16.  The modified Chapter 13 Plan uses the

Debtor's appraisal minus the first mortgage of $192, 184.16 to come up with the secured claim of

PNC on the second mortgage of $67,815.84 plus 2% interest.

### EVIDENTIARY HEARING ON VALUE NECESSARY AS TO VALUATION

The only way for the Court to determine the value of the real estate is for the Court to

hold an evidentiary hearing and hear the Debtors' and both appraisers' testimony.  This is a class

factual dispute that can only be resolved by an evidentiary hearing on this issue and the Debtors request that the Court set such a hearing. All other issues are legal issues which the Court can rule on especially since PNC has had ample opportunity to provide authority for their position and has not done so.

**WHEREFORE**, the Debtors, Daniel Fryza and Katherine Revelas, pray this Honorable Court enter an Order as follows:

1. Determining that the fair market Value of the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois 60564 is $260,000.00;

2. Determining PNC's second lien claim of $107,792.30 against the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois is only secured up to $67,815.84;

3. Determining that PNC's second lien claim does not have a unsecured claim against the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois by virtue of the Debtor's prior Chapter 7 discharge;

4. Determining that the Chapter 13 Trustee shall make no payments to PNC's second lien claim above and beyond their secured claim of $67,815.84.

5. Determining that Bank of America, N.A. lien shall be released against the real estate commonly known as 1236 Teasel Lane, Naperville, Illinois upon the Debtors' completion of plan payments;

6. Determining that the Debtors can bifurcate PNC's second priority claim into a secured and unsecured portion (with the unsecured portion discharged by the prior Chapter 7 case) and that PNC is not entitled to a monthly contractual payment as the note has matured pursuant to 11 USC 1322 (c)(2);

7. For any other and further relief as the Court may seem just and proper.

Dated: July 24, 2015                         Respectfully Submitted,

                                             /s/ Paul M. Bach
                                             Paul M. Bach #6209530
                                             Sulaiman Law Group, Ltd.
                                             900 Jorie Blvd, Ste 150
                                             Oak Brook, IL 60523
                                             Phone: (630) 575-8181